UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| vs. | ) | Criminal No. 9:21-292-RMG |
| | ) | |
| Marquis Jerome Pollard, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter comes before the Court to suppress three firearms, a magazine, and ammunition seized by law enforcement from a vehicle which Defendant was driving and abandoned after fleeing from officers who attempted to make a traffic stop. Defendant asserts that his arrest and the seizure of the firearms violated his rights under the Fourth Amendment. (Dkt. No. 95). The Government opposes the motion, asserting multiple independent bases for its seizure of the contested items, including probable cause for Defendant's arrest, loss of any privacy interest in the automobile when he abandoned the vehicle, and discovery pursuant to a proper inventory search. (Dkt. No. 101). Defendant filed a reply. (Dkt. No. 102). For reasons set forth below, Defendant's motion to suppress is denied.

**Factual Background**

Defendant's motion to suppress contains barebone allegations of a lack of probable cause and reasonable suspicion in his traffic stop, arrest, and seizure of firearms without asserting any specific facts to support the motion. (Dkt. No. 95). The Government responded by filing a detailed memorandum in opposition supported by numerous pieces of evidence, including photographs, a video, law enforcement reports, state court records, and a police department

1

policy for vehicles abandoned or seized as part of an arrest. (Dkt. Nos. 101, 101-1, 101-2, 101-3, 101-4, 101-5, and 101-6). Defendant filed a reply which did not specifically raise or contest any facts provided by the Government in its response. (Dkt. No. 102). The Court relies upon the record before it in addressing the suppression motion.

Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in New Haven, Connecticut and Charleston, South Carolina were conducting an investigation into Defendant's alleged participation in the selling of illegal firearms. On May 3, 2021, ATF agents were aware that a co-defendant of Defendant's, Tahir Bailey, had acquired two firearms from a gun shop that day which they believed were related to illegal transactions with firearms. The ATF agents had Bailey under surveillance and observed him rendezvous with Defendant and transfer what appeared to be objects consistent with firearms from Bailey's vehicle to his own automobile. Law enforcement officers attempted to make a traffic stop of Defendant's vehicle but he sped off and refused to stop. After leading law enforcement officers on a high speed chase, Defendant jumped a curb and then fled on foot, abandoning the vehicle in a stranger's yard. Defendant left the front driver's side door open with the car keys left on the floorboard. Defendant was soon apprehended by law enforcement officers and placed under arrest.

Once Defendant was in custody, law enforcement officers from the Beaufort Police Department conducted an inventory search of the abandoned vehicle before it was towed. The inventory search revealed the presence of three firearms, a magazine, and ammunition[1], which were duly documented in police reports. Defendant was thereafter charged with various state law offenses related to this incident and a federal grand jury indicted Defendant as a felon in

---

[1] A Mossberg MC1SC 9 mm pistol, serial number 049952CP; a Glock 43X, Gen5 pistol, serial number BTGA902; and a Smith and Wesson SD40VE, 40 caliber pistol, serial number FZM2491, with a loaded extended 30 round magazine, and .40 caliber ammunition.

possession of the firearms and ammunition at issue in this motion to suppress. (Dkt. Nos. 20, 44). This motion to suppress then followed.

### Discussion

Defendant has not requested an evidentiary hearing concerning his motion to suppress. It is well settled that the conducting of an evidentiary hearing is left to the sound discretion of the district court. Where material facts are in conflict that affect the resolution of a motion to suppress, "the appropriate way to resolve the conflict is by holding an evidentiary hearing after which the district court will be in a position to make findings." *United States v. Taylor*, 13 F.3d 786, 789 (4th Cir. 1994). However, an evidentiary hearing on a motion to suppress is required only where the motion is "sufficiently definite, specific, detailed and non-conjectural to enable a district court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Griffin*, 811 Fed. Appx. 815, 816 (4th Cir. 2020). The Court finds that the record fails to reveal any contested factual issues regarding the motion to suppress and, consequently, no evidentiary hearing is necessary to dispose of this motion.

The Court finds that the record establishes the following separate and independent lawful bases for Defendant's arrest, traffic stop, and seizure of the challenged firearms and ammunition:

1. <u>There was probable cause for Defendant's arrest on May 3, 2021</u>:

Probable cause for an arrest is present where "the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). On the day of Defendant's arrest, law enforcement officers had Defendant's co-defendant, Tahir Bailey, under surveillance and were aware that he had purchased two firearms earlier that day that they

reasonably believed were part of an ongoing activity of illegal gun sales. Officers observed Bailey and Defendant rendezvous and transfer to Defendant's vehicle items consistent with firearms. As Defendant left the parking lot where he and Bailey had met, officers attempted to conduct a traffic stop. Defendant refused to pull over and fled the scene with the officers' blue lights activated. After leading the officers on a high speed chase, Defendant abandoned his vehicle and fled on foot. He was apprehended by the pursuing officers and placed under arrest.

The Court finds that the officers had probable cause to effect the traffic stop and to arrest Defendant once he was apprehended. The officers had a reasonable basis to believe that they were observing the commission of criminal acts relating to their investigation of illegal firearm sales.

2.   <u>Defendant had no reasonable expectation of privacy in a vehicle which he abandoned</u>:

The Fourth Amendment protects property for which an individual maintains a "subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33 (2001). A person who voluntarily abandons his property "loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." *United States v. Leshuk*, 65 F.3d 1105, 1111 (4th Cir. 1995).

The record establishes that Defendant abandoned his automobile after engaging law enforcement in a high speed chase. He fled on foot, leaving his car door open and his keys on the floorboard. Under these facts, Defendant retained no expectation of privacy in his vehicle and has no standing to assert a Fourth Amendment claim. *See United States v. Taylor*, —F. Supp. 3d—, 2021 WL 5235233, at *10 (D.S.C. 2021).

3. <u>The firearms and ammunition were discovered during a lawful inventory search</u>:

The conducting of an inventory search by law enforcement following a lawful arrest is proper where "the circumstances reasonably justified seizure or impoundment" and the inventory search was conducted "according to routine and standard procedures designed to secure the vehicle and its contents." *United States v. Bullette*, 854 F. 3d 261, 265 (4th Cir. 2017).

Defendant's vehicle was abandoned in a stranger's yard with the front driver's door open and keys left on the floorboard. Defendant was being pursued by law enforcement because of suspected unlawful possession of firearms, and there existed a reasonable concern that firearms may have been left behind in the unlocked vehicle. Under these circumstances, an inventory search of the vehicle was reasonable and generally in accord with Beaufort County Police Department policy. (Dkt. No. 101-5).[2] The Court finds the seizure of the firearms and ammunition pursuant to an inventory search was lawful and in accord with the Fourth Amendment.

## Conclusion

Based on the foregoing, Defendant's motion to suppress (Dkt. No. 95) is **DENIED**.

**AND IT IS SO ORDERED**.

 s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 31, 2022
Charleston, South Carolina

---

[2] The only technical deviation from policy was that the inventory seized was documented in the arresting officer's incident report rather than on the official "tow inventory sheet." (Dkt. Nos. 101-5 at 2; 101-6 at 8). The Court finds this minor deviation from policy was immaterial and the inventory search was conducted in good faith.